This was an action of ejectment for a tract of *Page 361 
land lying in the county of Smith.
The plaintiff introduced a grant from the State of North Carolina to William Bush, the ancestor of the present lessors, for the land now in controversy, and proved that the defendants were in possession at the time of the service of the declaration in ejectment.
The defendants claimed the land under a sale for the revenue tax, to John C. Hamilton, by the order of the County Court of Smith. The record stated that at the June term, 1806, William Douglass, late sheriff and collector of the revenue tax for the year 1803, reported to that Court that there were two thousand five hundred and sixty acres of land belonging to William Bush's heirs, upon which the tax of 1803 had not been paid, and that there were no goods or chattels out of which he could make the amount. The Court thereupon ordered that the land should be advertised, once in the Gazette of the public printer, and twice in the Gazette published in the district where the land lay; and the record further showed that publication was accordingly made.
Grundy and Cooke, for the plaintiffs, argued that the record ought not to be received as evidence: —
1. Because the heirs of William Bush were not named in the proceedings, nor was any description given of the land to supply that defect.
2. Because the report to the County Court of Smith was made by the late sheriff and collector; whereas it ought to have been made by the one in office at the time the report was made; and
3. Because the record showed that publication had been made in the Gazette of the public printer but once, when the law requires that it should be made twice.
Haywood and Whiteside, argued for the defendants, that there was no necessity to name the heirs. The tax is a lien upon the land, and the real owners of it knowing the tax ought to be paid, should have come forward and prevented the sale by a payment of what was due. A scirefacias may issue against persons, without naming them, nor otherwise referring to them, except by description; as against the *Page 362 
executor of A, without naming him. So it may issue against terre tenants.
5 Com. Dig. 3, L. 3.
As to the other two objections, which refer only to matters which should have been done before the judgment was entered up, no serious difficulty can exist. The matter before the County Court was that over which they had jurisdiction, and consequently it is to be presumed that all the steps required to be taken before rendering the judgment, were regular, and it is not competent to show the contrary.
In every part of the proceedings in this case, the land has been described thus: William Bush's heirs, two thousand five hundred and sixty acres." The heirs of Bush are not named, nor is any description of the land given. Before the Act of 1803, it was necessary that all lands should be reported in the name of the true owner; but as evident inconvenience arose from this, in consequence of the difficulty of ascertaining who that was, it was provided by the Act referred to, that the report and proceedings need not be in the name of the true owner, provided such a description was given of the land as would enable him to know, upon seeing a publication of the proceedings, that it belonged to him. The description required by law is not given in this case; nor is there such a reference to the owner as will supply the defect. No man can be bound by proceedings to which he is not a party; and to make him a party he must be named. A scire facias against heirs generally, without naming them, would not be good; at all events they would not be bound by the judgment upon it, unless the sheriff were to return scire feci and name them; a return of two nihils would not answer. The same remark will apply to proceeding against terre tenants. 2 Tidd's prac. tit. sci. fa.
Upon this ground alone, laying the other objections aside for the present, the Court is clearly of opinion that the judgment condemning the land to be sold, is absolutely void.
But the Court is far from believing that the other objections are not well founded. It is true that after the judgment, most of the preliminary steps which *Page 363 
the law requires, are presumed to have been taken; but this presumption wholly fails if the record itself shows that they have not been taken. If the record is silent as to who made the report, it may be presumed that it was made by the proper officer; but if it shows clearly that it was made by a person having no authority to act, the case is materially changed. Presumption will supply the omission in one case, but in the other there is nothing left to presume. The report ought to have been made by the sheriff in office at the time; he was the only person who had a right to return that the owner had not any goods and chattels to satisfy the tax; and consequently, the only person who could legally make the report. A report made by the late sheriff, is no more than if made by any other individual. And the Court consider that to give the County Court jurisdiction, the report should have been made by a proper person; if that was not done, the judgment is void.
The same opinion will apply to the want of a legal publication in the Gazette of the public printer.
NOTE. — This case is cited, 3 Hay., 300, for what is said about scirefacias against heirs generally. — ED.